# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SHELBIE SOSNOWCHIK,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.:** |
| ) | |
| v. ) | |
| ) | |
| **PROVIDELT, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, by her undersigned attorneys, alleges upon information, belief and knowledge, as follows:

1. This is an action on behalf of Plaintiff, Shelbie Sosnowchik, formerly employed by Defendant ProvideLT, Inc., who is owed compensation from the period beginning on or about November 1, 2019 to April 30, 2020. During this period, by virtue of Defendant's failure to pay compensation to the Plaintiff for hours worked and overtime as an employee, Defendant has violated the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA").

Additionally, Defendant made material and fraudulent misrepresentations to Plaintiff about the terms of her employment in order to induce her to enter into said employment with Defendant and, as a result of Plaintiff's reasonable reliance upon those material and fraudulent misrepresentations, Plaintiff has suffered damages.

Finally, Provide LT breached its contract of employment (the "Employment Contract") with Plaintiff by failing to provide her with: (1) the work hours guaranteed; (2) the minimum six (6) months of guaranteed employment; and (3) the significant additional ancillary benefits as guaranteed in the Employment Contract.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is founded in Section 216(b) of the FLSA and Sections 1331 and 1367 of Title 28 of the United States Judicial Code, 28 U.S.C. 1331, 1367.

3. The claims herein arise under Sections 206, 207(a)(1), 215 and 216 of the FLSA. In connection with the acts and course of conduct alleged in this Complaint, the Plaintiff is engaged in commerce or in the production of goods for commerce and or is otherwise covered under these sections pursuant to enterprise coverage as set forth therein. Furthermore, the Defendant is an employer who engages in commerce or in the production of goods for commerce and or is otherwise covered under these sections pursuant to enterprise coverage as set forth therein.

4. Venue is proper in this District under Section 1391 of Title 28 of the United States Judicial Code because a substantial part of the acts and conduct charged herein occurred in this District and the Defendant is a resident of this district because it is subject to the Court's assertion of personal jurisdiction over it.

## PARTIES

5. Plaintiff, Shelbie Sosnowchik, is a citizen and resident of the State of Alabama. Sosnowchik was an employee employed by ProvideLT, Inc. within the meaning of the FLSA.

6. Defendant, ProvideLT, Inc., is a Texas corporation that engages in business in the state of Alabama and within this judicial district and has purposefully availed itself of the privilege of conducting business within the State and this judicial district. ProvideLT, Inc. is an employer within the meaning of the FLSA.

## PLAINTIFF'S ALLEGATIONS

7. The Plaintiff brings this action pursuant to Section 216(b) of the FLSA on behalf of herself. The Plaintiff has been victimized by a pattern or policy which is in violation of the FLSA.

8. Plaintiff, Shelbie Sosnowchik, has at all times relevant been a resident and citizen of the State of Alabama with her permanent place of residence located within the State of Alabama.

9. On or about June of 2019, Plaintiff was contacted in her state of citizenship and residence by Defendant about engaging in locum tenens work for Defendant.

10. During the course of Defendant's discussions with Plaintiff about this work, Defendant represented to Plaintiff: (1) that she would receive at least fifty hours of work per week, with at least ten of those hours being compensated at time and a half; (2) that she would be reimbursed for as many flights from the locum tenens work location to Alabama as she desired; and (3) that she would be employed for a minimum of six months beginning on October 28, 2019.

11. On the basis of these material representations, Plaintiff resigned from her then-current employment, and entered into a contract of employment with the Defendant, which she executed in her state of citizenship and residence.

12. After executing the agreement with Defendant, Plaintiff again confirmed that the representations made to her about the terms of her employment were accurate and that Defendant would fulfill those terms as promised.

13. Defendant confirmed that the representations made to Plaintiff about the terms of her employment were accurate and that those terms would be fulfilled by Defendant.

12. As part of her agreement with Defendant, Plaintiff was a full-time employee employed at ProvideLT, Inc. She was based at a location in Ohio. Plaintiff performed the work, job functions, and duties required of her position.

13. Defendant has failed or refused to provide Plaintiff with at least fifty hours of work per week with at least ten of those hours being compensated at time and a half.

14. Defendant has failed or refused to reimburse or provide Plaintiff with as many flights from the locum tenens work location to Alabama as she desired.

15. Defendant has failed or refused to employ Plaintiff for a minimum of six months.

16. Defendant did not begin Plaintiff's work on October 28, 2019.

17.     Additionally, since this dispute about the terms of Plaintiff's employment has arisen, Defendant has failed or refused to issue payment to Plaintiff for regular hours which have indisputably been worked.[1]

18. Defendant's illegal and wrongful withholding of payment for regular hours worked and overtime hours worked was, and is, in violation of the FLSA with regard to minimum wage and overtime compensation, as well as unlawful retaliation, and was carried out by Defendant in an illegal and wrongful attempt to strongarm Plaintiff into resolving her employment dispute in a manner advantageous to Defendant.

19. At all times relevant to this Complaint, the Plaintiff was a non-exempt employee for purposes of overtime compensation.

## FIRST CLAIM FOR RELIEF
## FLSA, 29 U.S.C. §§ 206, 216(b)

14. Plaintiff incorporates herein by reference all of the allegations contained in this complaint.

15. Defendants' failure to pay Plaintiff compensation for work performed up to at least 40 hours in a given week in an amount at least equivalent to the minimum wage, was in violation of the FLSA.

19. Defendant's violations of the FLSA were done willfully. Defendant either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

20. Plaintiff is entitled to an award of her compensation for all work performed up to at least 40 hours in a given week (at the rate of her regular pay) for the time period commencing in November 2019 to April of 2020.

21. Additionally, Plaintiff is entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation, as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

---

[1] Defendant has admitted to Plaintiff, in writing, of this practice in an effort to coerce her into waiving her claims as set forth herein.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid wages for the time period encompassing November 2019 to March 31, 2020, plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
## FLSA, 29 U.S.C. §§ 207, 216(b)

17. Plaintiff incorporates herein by reference all of the allegations contained in this complaint.

18. Defendant's failure to pay overtime compensation for all or some work in excess of forty hours to non-exempt employee, Shelby Sosnowchik, was in violation of the FLSA.

19. Defendant's violations of the FLSA were done willfully. Defendant either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

20. Plaintiff is entitled to an award of her unpaid overtime compensation (at the rate of one and one-half times his regular pay) for the time period commencing in November 2019 until April 2020.

21. Additionally, Plaintiff is entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation, as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid overtime for the time period encompassing November 2019 until the date of any final award made to her, as the case may be, plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

21.     Plaintiff hereby adopts and incorporates any and all contents of this Complaint as if fully set forth herein.

22.     Plaintiff and Defendant entered into one or more agreements whereby Plaintiff agreed to provide work, services and labor, and Defendant agreed pay for said work, services and labor.

23.     Plaintiff fully satisfied its obligations under the agreement and Defendant breached said agreement by failing to pay the amount due to Plaintiff after the completion of work, services and labor.

24      Defendant failed or refused to keep Plaintiff employed for at least six months.

25.     Defendant failed or refused to schedule Plaintiff for the hours promised.

26.     Defendant failed or refused to pay Plaintiff for amounts earned.

27.     Defendant failed or refused to pay Plaintiff for benefits guaranteed.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of no less than Fifty Thousand and No/100 Dollars ($50,000.00), plus a reasonable sum as attorney's fees, plus interest and costs as well as all other lawful relief to which Plaintiff is entitled.

## FOURTH CLAIM FOR RELIEF

## FRAUD

21.     Plaintiff hereby adopts and incorporates any and all contents of this Complaint as if fully set forth herein.

22.     Defendant made material representations to Plaintiff about the terms of her employment with Defendant.

23.     Plaintiff relied upon those representations when entering into her agreement for employment with Defendant.

24.     Plaintiff's reliance upon those representations was reasonable.

25.     Defendant reaffirmed the accuracy of its representations after Plaintiff entered into the employment agreement with Defendant.

26.     Defendant has failed and refused to uphold the obligations that it represented to Plaintiff would be material terms of her employment.

27.     Plaintiff has been damaged by Defendant's material misrepresentations set forth above.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid wages, benefits and other compensation for the time period encompassing November 2019 until April 30, 2020 in an amount of not less than Fifty Thousand and No/100 Dollars, plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF

## FLSA RETALIATION

## 29 U.S.C. § 215(a)(3)

28. Plaintiff incorporates herein by reference all of the allegations contained in this complaint.

29. Since this dispute about the terms of Plaintiff's employment has arisen, Defendant has failed or refused to issue payment to Plaintiff for regular hours which have indisputably been worked.[2]

30. Defendant's illegal and wrongful withholding of payment for regular hours worked and overtime hours worked was, and is, in violation of the FLSA with regard to minimum wage and overtime compensation, as well as unlawful retaliation, and was carried out by Defendant in an illegal and wrongful attempt to strongarm Plaintiff into resolving her employment dispute in a manner advantageous to Defendant.

31. Defendant's violations of the FLSA were done willfully. Defendant either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

32. Plaintiff is entitled to an award of backpay for the time period commencing in November 2019 until April 2020.

---

[2] Defendant has admitted to Plaintiff, in writing, of this practice in an effort to coerce her into waiving her claims as set forth herein.

33. Additionally, Plaintiff is entitled to an award of liquidated damages under the FLSA, as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants for backpay and other damages for the time period encompassing November 2019 until the date of any final award made to her, as the case may be, plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a jury for the trial of this cause.

/s/ James E. Hill
James E. Hill (ASB-2575-A46H)

**HILL, GOSSETT KEMP & HUFFORD, PC**
2603 Moody Parkway, Suite 200
P. O. Box 310
Moody, Alabama 35004
P: (205) 640-2000
jhill@hhglawgroup.com

**SERVE DEFENDANT:**

ProvideLT, Inc.
c/o Russel Hicks, President/CEO
7460 Warren Partway, Suite 100
Frisco, TX 75034